## PLINY WRIGHT *vs.* GEORGE S. WILLIS.

In an action against a sheriff for the default of his deputy in not keeping property attached on a writ, if an officer to whom the execution was committed for service, after testifying in chief to making demands for the property upon the defendant and his deputy, states on cross-examination that before making these demands he wrote to the deputy a letter in which he said something about a receipt for the property, it cannot afterwards be proved that in the letter he only demanded the receipt, and not the property itself.

If, in defence of an action against a sheriff for the default of his deputy in not keeping property attached on a writ, it is proved that the plaintiff's attorney consented that the deputy might take a receiptor, it is erroneous to instruct the jury that such consent " should have been expressed with the intent of influencing or controlling the officer's conduct, and of assuming the risk upon the plaintiff himself."

TORT against the late sheriff of Berkshire county, for the default of his deputy, A. W. Kellogg, in failing to keep property attached on a writ in favor of the plaintiff. It was contended in defence that the plaintiff's attorney accepted Leland Burlingham as a receiptor for the property, and that Jones, the officer to whom the execution was afterwards delivered, demanded and received the receipt instead of the property.

At the trial in the superior court, before *Ames, J.,* it was agreed that the execution was committed to Jones within thirty days after the rendition of judgment, and his return set forth that within the thirty days he demanded the property of Kellogg and of the defendant, but it was not delivered to him, and he was called as a witness and testified to the same effect. On cross-examination he stated that, before making either of the demands testified of, he wrote a letter to Kellogg, who was then in Chicago, in which he might have said something about a receipt for the property. The defendant called Kellogg as a witness, and offered to prove by him that in the letter, which was lost, Jones only demanded the receipt, and did not demand the property itself; but the evidence was excluded.   ·

There was evidence tending to prove that Kellogg, after making the attachment, informed the plaintiff's attorney that there was doubt as to the title of the defendant in the writ to the property attached, but that Burlingham had offered to receipt for it, and the attorney, after conversation as to his responsibility, said, " I think you had better take him as receiptor for the property;" and this was accordingly done. The judge instructed the jury that if the plaintiff's attorney consented that Kellogg should take the proposed receipt, it would relieve the officer of responsibility for the property afterwards; but, in order to have this effect, the consent must be more than a mere casual conversation upon Burlingham's pecuniary ability, " and should have been expressed with the intent of influencing or controlling the officer's conduct, and of assuming the risk upon the plaintiff himself."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. D. Colt*, for the defendant.

*M. Wilcox*, for the plaintiff.

DEWEY, J.   The contents of the letter of Jones to Kellogg were properly excluded.   This letter was written prior to the time of making the demand relied upon to sustain the action. The fact proposed to be shown, that Jones in the letter asked for the receipt, would not contradict the testimony of Jones as to the actual demand of which he testified.   He might have demanded the receipt in the letter, and at a later period demanded the property.   He might also have asked for the receipt for the purpose of aiding in obtaining the possession of the property, although he had also the further purpose of making a demand of the property of Kellogg, if not otherwise obtained.

But upon another ground, the ruling of the court, taking it as stated in the bill of exceptions, was erroneous.   The court, after stating very correctly the general rule to be applied to the matter of the defence, that the proceedings of the officer in taking the receipt were justified under the directions given by the attorney for the plaintiff, subsequently erroneously qualified and restricted the same by the further direction, that the communication made by the attorney to the attaching officer must have been made with the intent on the part of the attorney of influencing or controlling the officer's conduct, and of assuming the risk upon the plaintiff.   The true inquiry for the jury was, what was in fact said by the attorney of the plaintiff, and whether what was thus said was of such a nature as to indicate those purposes, and to authorize the officer to act upon such assumption.   The secret intent of the attorney, if not in accordance with the language used by him, would not affect the right of the officer to act upon the instructions actually given.

We think this was erroneous, and the exceptions as to this point must be sustained.